John C. PULLAN d/b/a SHEAR PLEASURE FAMILY
HAIR CARE *v.* Julia P. FULBRIGHT d/b/a JULIA'S
SHEAR PLEASURE BEAUTY SALON and
Raymond PHILLIPS *v.* Patricia Ann HILL
and Robert Lee HILL

685 S.W.2d 151

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*Floyd G. Rogers,* for appellant John C. Pullan.

*James C. Mainard,* for appellant Raymond Phillips.

No response by appellees.

PER CURIAM. Motions for Rule on Clerk were filed in both of the above-styled cases. Both motions state that the parties in the respective cases have been notified that the transcripts of the Crawford County proceedings cannot be filed by the Supreme Court Clerk because the court reporter who transcribed them, Mickey Sparks, is not properly certified as a court reporter.

This court adopted a rule providing for the certification of court reporters on July 5, 1983. *In Re: Arkansas Supreme Court Bd. of Certified Court Reporters Examiners,* 280 Ark. 598, 656 S.W.2d 694 (1983). Section 9 of that rule provides as follows:

> Scope.
> As to all transcripts taken from and after the effective date of this Rule, all courts in Arkansas will accept as evidence only those transcripts which are certified by a court reporter who holds a valid certificate under this Rule.

By Per Curiam order September 26, 1983, this court approved certain rules and regulations with reference to Certified Court Reporters, including the following provisions:

12.  Any eligible applicant not certified pursuant to the

*per curiam* Order of the Supreme Court of Arkansas, dated July 5, 1983, or any eligible applicant who is certified in another state, may be granted a non-renewable temporary certificate, at the discretion of the Board, to enable said applicant to work. Applicants issued a temporary certificate shall be given a period of one year from the date of said certificate to complete certification requirements.

13. In the event of an emergency where no Certified Court Reporter is immediately available, a judge of a circuit or chancery court may in his discretion, grant a thirty-day, non-renewable emergency certificate in order to continue the conduct of the court's business; provided a copy of the thirty-day emergency certificate is forthwith filed with the Clerk of the Arkansas Supreme Court and Secretary of this Board.

It is undisputed that Mickey Sparks, the Court Reporter in both cases, was not certified. Under Section 9 therefore, the transcripts cannot be accepted by this court as evidence unless Mr. Sparks has a valid temporary certificate or emergency certificate as defined in the regulations.

The records of the Clerk of this Court reflect that Mr. Sparks made formal application on June 27, 1984, for "a temporary permit" from our Clerk to continue reporting until such time as he obtained certification, taking exception to the paying of his fee. On July 2, 1984, he was advised in writing by Judge Cracraft, Chairman, Board of Court Reporting Examiners, that our Clerk does not issue temporary certificates and they are only issued by action of the full Board of Examiners upon payment of his application fee. Mr. Sparks was not heard from again until January 18, 1985, at which time he resubmitted an application for "a temporary work permit" together with tender of application fee.

On January 24, 1985, Chancellor Bernice L. Kizer issued orders *In the Matter of the Adoption of Ronald Lee Hill,* Van Buren Probate No. P-83-101 declaring an emergency to exist and ordering that Mickey Sparks be allowed to serve as

certified court reporter on August 7, 1984. At the same time an identical order was issued in *Julia Fulbright et al* v. *John Pullan,* Van Buren Chancery No. E-83-543 specifying that Mickey Sparks was not certified on July 31, 1984, declaring an emergency and ordering that Mickey Sparks be allowed to serve as certified court reporter in the proceedings on that date. In each instance these orders were entered in the trial court *nunc pro tunc* but were not filed with the Clerk of this Court or with the Secretary of the Board of Certified Court Reporters Examiners as required by Regulation 13.

It is obvious that Mickey Sparks was not a properly certified court reporter on July 31, 1984, and/or August 7, 1984, and that the court's order of January 24, 1985, entered *nunc pro tunc* to these respective dates does not satisfy the regulations.

The actions of applicant Sparks and of the trial court which issued orders allowing him to serve as "Certified Court Reporter" are in direct conflict with the court's Per Curiam orders and regulations, thus violating the purpose and spirit of the certification of court reporters. Although application is a matter for the person desiring to be certified as a court reporter, it is the responsibility of all courts in Arkansas to ascertain and insure that his or her court reporter is properly certified.

It is our intention to adhere strictly to § 9, however, an exception will be made in this instance, since this is the first airing of our Rule and its strict application.

In the interests of allowing the litigants in these cases their opportunity to appeal and because of the burdensome effect on our court system of such a harsh result, we will accept transcripts in each of these cases, provided the attorneys of record will certify to the Supreme Court Clerk, by affidavit, statements that the transcripts are true, accurate, and complete and provided the trial court certifies that this reporter is not now employed as court reporter without proper certification.

In the future, remedies of this nature may not be available.