Steve Vincent MOORE *v.* STATE of Arkansas

716 S.W.2d 764

Supreme Court of Arkansas
Opinion delivered September 29, 1986

*Richard A. Garrett,* for appellant.

No objection.

PER CURIAM. The appellant learned after his notice of appeal was filed and the transcript ordered that the testimony at his trial was recorded by an uncertified court reporter, appointed by the trial judge to fill in for the certified court reporter who was ill. On April 21, 1986 appellant was given a seven month extension to perfect his appeal. The parties have not, however, been able to agree on a trial transcript. Appellant requests a rule on the certified court reporter to prepare a transcript as recorded by the uncertified court reporter and for the trial court to settle the record.

This court adopted a rule providing for the certification

of court reporters on July 5, 1983. *In Re: Arkansas Supreme Court Bd. of Certified Court Reporters Examiners*, 280 Ark. 598, 656 S.W.2d 694 (1983). Section 9 of that rule provides that courts in Arkansas will accept as evidence *only* those transcripts certified by a court reporter holding a valid certificate. The trial judge violated this rule by allowing an uncertified reporter to record the trial.

■ By Per Curiam order September 26, 1983, this court approved certain rules and regulations with reference to Certified Court Reporters, including the following provision:

> 13. In the event of an emergency where no Certified Court Reporter is immediately available, a judge of a circuit or chancery court may in his discretion, grant a one hundred twenty day, non-renewable emergency certificate in order to continue the conduct of the court's business; provided a copy of the one hundred twenty day emergency certificate shall be forthwith filed with the Clerk of the Arkansas Supreme Court and Secretary of this Board.

Had the trial judge followed this provision and granted the uncertified reporter an emergency certificate, this problem would not have arisen. We admonish the bench and bar to follow the procedures governing court reporters.

Since it was the trial judge's action in permitting an uncertified court reporter to record the trial that is causing the appellant's difficulty in obtaining a transcript, the judge is the proper person to see to it that the situation is corrected.

In *Pullan v. Fulbright*, 285 Ark. 152, 685 S.W.2d 151 (1985), this court dealt with a somewhat similar situation. In that case, the transcripts were refused because the court reporter who transcribed them was not property certified. We held, that, in the interests of avoiding such a harsh result as refusing the appeal and to allow the litigants their opportunity to appeal, we would permit the transcripts to be filed, provided the attorneys of record certified to the Supreme Court Clerk by affidavit that the transcripts were true, accurate, and complete.

■ Furthermore, Rules of Appellate Procedure, Rule 6(d) provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best means available, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within ten (10) days after service upon him. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal.

Here, the best means available of preparing a transcript would be from the recording made by the uncertified court reporter, if verified by affidavits from attorneys for both parties and the trial judge. Accordingly, the motion is granted and the case is remanded to the trial court with instructions to the court to direct and supervise the preparation of the transcript and verify its accuracy.

Motion granted.