Kimberly L. SMITH *v.* STATE of Arkansas

CR 94-1300                                                918 S.W.2d 714

Supreme Court of Arkansas
Opinion delivered April 1, 1996

*Sandra Trawick Berry* and *P.J. Maddox-Cook*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Sr. Appellate Advocate, for appellee.

DONALD L. CORBIN, Justice. Appellant, Kimberly L. Smith,

appeals the judgment of the Mississippi County Circuit Court entered on August 24, 1993, pursuant to a jury verdict, convicting her of one count of first-degree murder and sentencing her to imprisonment for forty years at the Arkansas Department of Correction. This court previously granted appellant's motion for belated appeal. *Smith v. State*, 319 Ark. 51, 888 S.W.2d 663 (1994) (per curiam). Jurisdiction is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(2). For reversal, appellant asserts two points of error. We find no error and affirm.

## 1. Sufficiency of evidence

Appellant's first argument for reversal is that the state failed to present substantial evidence that it was her purpose to cause the victim's death. Ark. Code Ann. § 5-10-102 (a)(2) (Repl. 1993). The state contends this point is procedurally barred because appellant's trial motion was not sufficiently specific to apprise the trial court of her argument. We agree that the sufficiency argument is procedurally barred, but for a different reason than that argued by the state.

At the close of the state's case, appellant moved for a verdict of acquittal "on the grounds that the prosecution has failed in their burden of proof with the charge of murder in the first degree." After hearing the state's response, the trial court ruled that a prima-facie case of first-degree murder was made. Then the defense presented its sole witness, appellant, and both sides rested. No motions were made or renewed by appellant at the close of all the evidence.

Appellant's motion for a verdict of acquittal at the close of the state's case is equivalent to a motion for a directed verdict challenging the sufficiency of the evidence. *Daffron v. State*, 318 Ark. 182, 885 S.W.2d 3 (1994). Our rules of criminal procedure provide that, in a jury trial, the defendant's failure to move for a directed verdict because of insufficiency of the evidence at the close of the state's evidence and at the close of the case constitutes a waiver of any question pertaining to sufficiency of the evidence to support the jury's verdict. Ark. R. Crim. P. 36.21(b). In this case, appellant failed to move for a directed verdict because of insufficiency of the evidence at the conclusion of all the evidence and thereby waived the issue on appeal. *Davis v. State*, 320 Ark. 329, 896 S.W.2d 438 (1995); *Penn v. State*, 319 Ark. 739, 894 S.W.2d 597 (1995).

## 2. *Settlement of record*

Appellant's second argument for reversal is that the trial court committed reversible error by failing to record or transcribe three specific incidents at the trial that cannot be reconstructed and therefore render the record on appeal insufficient to permit a full review of the trial proceedings. Pursuant to a writ of certiorari to complete the record, Mississippi County Circuit Court Judge David Burnett, who presided over the trial on August 23 and 24, 1993, conducted a hearing on August 16, 1995, to settle the record of the trial proceedings. Appellant's appellate counsel, Ms. Sandra Berry, appellant's trial counsel, Ms. P. J. Maddox-Cook, the deputy prosecuting attorney who tried the case, Mr. Bruce Harlan, and the trial court reporter, Ms. Barbara J. Fisher, attended the hearing. The certified transcript of the hearing is included in the record on appeal.

The first incident concerns appellant's request for a transcription of a comment that she alleges was made to her prejudice by Judge Burnett regarding the length of time for trial. At the hearing to settle the record, Ms. Cook recalled the comment as follows:

> THE COURT: Ms. Cook, what is it you're asking? I want you to —
>
> MS. COOK: If it please the Court, it is my recollection that after the jury had been selected, your Honor gave — ah, made comments to the jury regarding, ah, your expectations of them and then —
>
> THE COURT: Now wait a minute. Be specific please.
>
> MS. COOK: To my recollection you had said that there was — that we have two days for the trial and that on the third day you had another trial scheduled and they had two days for this trial and that they would reach a verdict in the case if they had to stay here all night, something to that effect.

At the hearing, Judge Burnett, Mr. Harlan, and Ms. Fisher each stated that it was common for Judge Burnett to preliminarily inquire as to the expected length of trial. Although neither Mr. Harlan nor Ms. Fisher recalled the comment described by Ms. Cook, when Mr. Harlan asked Ms. Fisher if she would have transcribed the comment had it been made as described by Ms.

Cook, Ms. Fisher answered affirmatively and stated: "I don't recall him saying we'll be here all night." Ms. Fisher testified that if the comment was made during the jury "indoctrination," she would not have recorded it, and that if the comment was made during *voir dire*, she would not have transcribed it because no objections were made during *voir dire* and no party had requested a transcription of *voir dire*. At the hearing, Ms. Berry confirmed that appellant is not requesting a transcription of the jury impanelment or *voir dire*.

■ Our rules of appellate procedure provide that if no report of the trial proceedings was made or a difference arises as to whether the record truly discloses what occurred in the trial court, the parties' proposed statement of the unreported proceedings or the parties' difference, respectively, shall be submitted to and settled by the trial court. Ark. R. App. P. 6(d) and (e).[1] At the hearing, Judge Burnett settled the record as follows:

> THE COURT: Well, I made no statements similar to what Ms. Cook said — period. This Court is not going to agree to it. Y'all can agree to put in the record whatever you want to, but I certainly didn't say anything of the kind. I might have made the comment about having three days to try the case. Seems like I do recall having something about another case, but that fell through and the attorneys were made aware of that, that they had a full additional day if they needed it.
>
> . . . .
>
> THE COURT: I don't think it happened the way you said at all. I am willing to concede that I might have inquired of counsel as to how long the trial would take. I probably did, if that helps your record and if the State's agreeable to it, I'll say that I said that whether I did or not.
>
> MS. COOK: I understand that —
>
> THE COURT: I'm sure I made an inquiry as to the length of time of the trial. I don't know whether I made that before the first juror was called or after they were all there. In

---

[1] Repealed and replaced, effective January 1, 1996, with Ark. R. App. P. Crim. 5(a) incorporating Ark. R. App. P. Civ. 6(d) and (e), which track former Appellate Rule 6 without change.

all probability if I did it, it was when the whole panel was out in the courtroom before we called the jury. I don't even remember if I did it.

MS. BERRY: It's on the record now.

THE COURT: Okay.

■ Thus, the trial court reconstructed this incident consistent with the rules of procedure. As to the prejudicial effect, if any, of Judge Burnett's comment, we find that appellant may not argue this issue for the first time before this court. *Oliver v. State*, 322 Ark. 8, 907 S.W.2d 706 (1995). Appellant admits that she failed to object below to Judge Burnett's comment, but citing *Russell v. State*, 288 Ark. 255, 704 S.W.2d 161 (1986), she argues that no objection should be required where it would have been futile. This argument is not persuasive. In *Russell*, this court reversed a conviction by bench trial and remanded the case for retrial where the trial judge announced the accused's guilt and then commented about his failure to testify, thus indicating to this court that the trial judge found there was no alternative to a finding of guilt. In *Russell*, this court dismissed the state's argument that no objection was raised below because it was obvious that an objection would have been futile. On the facts of the present case, however, *Russell* is not controlling because there is no indication here that a timely objection to Judge Burnett's comment at the commencement of the jury-trial proceedings as to the expected length of the trial would have been futile.

The second incident concerns appellant's request for a transcription of an in-chambers conference regarding proposed jury instructions. It is undisputed that the conference was not recorded. Appellant contends that, at the in-chambers conference, she objected to the proposed jury instructions and proffered alternate instructions. Consistent with the trial court's responsibility to make a complete record of the trial proceedings, appellant argues her in-chambers objection and proffered instruction should have been recorded and transcribed.

■ We agree that the trial court's failure to make a verbatim record of the in-chambers conference was error. That failure violated our Administrative Order No. 4, which provides:

Unless waived on the record by the parties, it shall be the duty of any circuit, chancery, or probate court to require that a verbatim record be made of all proceedings pertaining to any contested matter before it.

*Accord* Ark. Code Ann. § 16-13-510 (Repl. 1994). Had the trial court followed this procedure, we would not have this issue before us. However, in this case, the record was settled by the trial court.

At the hearing to settle the record, the following colloquy occurred concerning the in-chambers conference:

THE COURT: In an effort to settle the record — and, Mr. Harlan, you listen too. As I recall, when the jury — when the presentation to the jury was completed by both the prosecution and the defense, we took a recess. We went to the back. I looked at submitted instructions from both parties, sorted them out. We might have discussed them off the record back there. I don't recall. That's not uncommon to do. And then we came back in here and an opportunity was made for a record on any objections to the instructions that were to be given to the jury. I don't know whether Ms. Cook made any objections or not.

Did you? I don't remember.

MS. COOK: Your Honor, I don't believe I made an objection at the time. But we had had a heated discussion on — I had tendered my own instructions regarding first degree murder. And then we — the prosecution had another instruction and we had argued for some time on those instructions, and then the prosecuting attorney proffered a new instruction which included accomplice liability, and we had a heated argument about whether that was appropriate, and your Honor determined that ah — to use the prosecution's ah — ah — ah instruction rather than — and I did object at that time.

But . . . when we came back in here, your Honor had already made your rulings on all the instructions.

. . . .

MR. HARLAN: Oh, I understand that [the court reporter wasn't even present], your Honor. I'm assuming as

your Honor is like we normally do, go back there and talk about them and then come out here and —

THE COURT: Then both sides are given an opportunity to state objections for the record, and then I give my instructions.

Judge Burnett settled the record as follows: "I don't remember any heated discussions on jury instructions in this case." Appellant concedes that, outside the in-chambers conference, she did not raise any objection to the jury instructions nor did she proffer any alternate instruction.

The third incident concerns appellant's request for a transcription of a couple of questions that appellant contends were put to Judge Burnett by the jury after it had retired to deliberate, together with the trial court's response. Ms. Cook testified that she could not recall exactly the jury's questions, but believed part of it dealt with the purpose to cause death or the burden of proof. Ms. Cook testified that she could not recall exactly what had been Judge Burnett's response, but part of it was that he had reread the instruction. Neither Judge Burnett nor Mr. Harlan recalled the incident, and Ms. Fisher testified that such an incident was already in the transcript or it did not occur.

█ We conclude that appellant has not demonstrated that the state of the record has prejudiced her.

The judgment is affirmed.