Carol ROSS *v.* STATE of Arkansas;
Mark Singson *v.* State of Arkansas;
Gil Landers d/b/a Big Daddy's Pawn Shop,
Linda Stewart *v.* Ken James;
Quinton Lee Handy *v.* State of Arkansas;
Deborah Rouse *v.* State of Arkansas;
Alexander Davison *v.* State of Arkansas;
Alexander Davison *v.* State of Arkansas

CR 01-177; CR 01-268; CR 01-269;
CR 00-1445; CR 01-336;
CR 01-348; CR 01-342                    42 S.W.3d 483

Supreme Court of Arkansas
Opinion delivered May 3, 2001
[Amended and Substituted Order to Appear and Show Cause
delivered May 17, 2001]

*Jeff Rosenzweig,* for appellant Carol Ross.

*Julia B. Jackson,* Public Defender Conflicts, for appellant Mark Singson.

*Josh E. McHughes,* for appellant Gil Landers *et al.*

*William R. Simpson, Jr.,* Public Defender, by: *Deborah Sallings,* Deputy Public Defender, for appellants Quinton Lee Handy, Deborah Rouse, and Alexander Davison.

No response.

PER CURIAM. On February 8, 2001, appellant Carol Ross filed a petition for writ of certiorari to complete the record in the matter of Carol Ross v. State, CR01-177. The writ was granted on February 22, 2001, and issued to the Clerk and Court Reporter of the Perry County Circuit Court, returnable on March 1, 2001. A final extension of time to return the writ was granted on March 15, 2001, setting a return date of April 1, 2001. In the interim, petitions for writ of certiorari to complete the record were filed in several cases arising out of the Pulaski County Circuit Court, Fifth Division, wherein the same Court Reporter, Madelaine McClure, failed to timely complete the record for appeal. The writs were granted and issued to the Pulaski County Circuit Clerk and to Ms. McClure. In the case of Mark Singson v. State, CR98-3751, a final extension of time to return the writ was ultimately granted until April 21, 2001. Similarly, final extensions were granted in the cases of Gil Landers, et al v. Jameson, 01-269, and Quinton Lee Handy v. State, CR00-1445, setting the date of return as April 28, 2001, and in the cases of Deborah Rouse v. State, CR01-336, and Alexander Davison v. State, CR 01-342 and CR01-348, setting the date of return as May 5, 2001. Ms. McClure was served with notice of each deadline and advised that failure to comply with the writ could result in an order to show cause why she should not be held in contempt for failing to comply with the court's previous orders.[1] As of this date, Ms. McClure has failed to comply with the orders of this court in the above-referenced matters, and the appellants have filed motions for appropriate action by this court or for belated return of writ of certiorari.

■ Therefore, Ms. McClure is ordered to appear before this court on the 24th day of May, 2001, at 9:00 a.m., to show cause why she should not be held in contempt of this court for her failure to comply in a timely manner with the commands of the writs issued in the above-styled actions.

■ In addition, the Pulaski County Circuit Court, Fifth Division, is ordered forthwith to take whatever actions are necessary to secure the prompt certification of a full and complete transcription of the record for appeal in each of the above-styled actions. Ark. R. App. P. 6(d) and (e) (2000); *In re: Retention Schedule for Official Court Reporter Records Retention Schedule*, 322 Ark. 827, 926 S.W.2d 689 (1995) (Part 3. Responsibility for Storage: Sanctions); *Jacobs v. State*,

---

[1] It should be noted that the Supreme Court Clerk has received verification in the form of return receipt cards signed by Ms. McClure that she has received notice of all orders granting final extensions of time to comply with the writs listed herein.

325 Ark. 30, 922 S.W.2d 344 (1996); *Moore v. State*, 290 Ark. 71, 716 S.W.2d 764 (1986).

MS. McCLURE IS FURTHER NOTIFIED THAT HER FAILURE TO APPEAR ON MAY 24th, 2001, COULD RESULT IN THE ISSUANCE OF A BENCH WARRANT FOR HER ARREST WITH DIRECTIONS TO THE APPROPRIATE LAW ENFORCEMENT AUTHORITY TO ARRANGE FOR HER DELIVERY TO THIS COURT SO A SHOW-CAUSE HEARING CAN BE CONDUCTED AT THE EARLIEST POSSIBLE DATE.