Raymond MITCHELL *v.* STATE of Arkansas

CR 01-600                                         45 S.W.3d 846

Supreme Court of Arkansas
Opinion delivered June 21, 2001

*John H. Bradley*, for appellant.

No response.

PER CURIAM. On September 6, 1997, a hearing was held before the Arkansas Board of Certified Court Reporter Examiners concerning a complaint filed by then-practicing attorney Wayne A. Gruber against Nila J. Keels, CCR #456. As a result of that hearing, Keels's license was revoked. That revocation still stands. The Board's actions are filed with the Supreme Court Clerk's file, of which this court takes judicial notice.[1] *See Shoemate v. State*, 339 Ark. 403, 5 S.W.3d 446 (1999); *State v. Knight*, 259 Ark. 107, 533 S.W.2d 488 (1976).

The issue now before this court involving Ms. Keels arises in Raymond Mitchell's attempt to perfect his appeal from a hearing held on February 28, 2001, where the circuit court revoked Mitchell's earlier suspended imposition of sentence in CR-96-258 in the Chickasawba District of Mississippi County Circuit Court. Ms. Keels was the court reporter, and Mitchell timely filed his notice of appeal and requested a copy of the transcript. On May 9, 2001, Mitchell's original record was mailed to the Supreme Court Clerk to lodge the appeal, but the clerk notified Mitchell's counsel that

---

[1] There are other complaints and actions that have been taken against Ms. Keels that are reflected in the Supreme Court Clerk's file, but we need not dwell on them for present purposes.

the record could not be lodged because Ms. Keels was not a certified court reporter. On May 24, 2001, Mitchell requested a motion for rule on the clerk to file the record regardless of Ms. Keels's failure of certification, but we denied that request.

On May 29, 2001, Mitchell renewed his request for motion for rule on the clerk, attaching the lower court's emergency order which reflected that court's attempt to grant Ms. Keels a 120-day period from January 2, 2001 to May 1, 2001, to continue the court's business as provided under Section 13 of the regulations of the Board of Certified Court Reporter Examiners. Even assuming the circuit court's emergency order was valid,[2] that order has expired on its face, and Ms. Keels is not shown as certified or licensed to complete the court's business so as to permit the lodging of Mitchell's appeal.

The court clerk's officer clearly was correct in rejecting a transcript from a court reporter who is not certified, and therefore we deny Mitchell's motion. The court has clearly held that its intention is to *strictly adhere to Section 9* of the Rules Providing for Certification of Court Reporters, which provides all transcripts taken in court proceedings will be accepted only if they are certified by a court reporter who holds a valid certificate. *See Pullam v. Fulbright*, 285 Ark. 152, 685 S.W.2d 151 (1985). However, because this is a criminal case, we will direct the Supreme Court Clerk to accept the transcript in this case, provided the attorneys of record will certify to the Clerk, by affidavit, statements that the transcripts are true, accurate, and complete. Moreover, the trial court shall certify within thirty days of this per curiam that this reporter is not now employed as a court reporter without proper certification by the Board of Certified Court Reporter Examiners. *Id.*

---

[2] This court need not reach at this time other pending questions surrounding the emergency order's validity. For example, a serious issue is raised as to whether such emergency orders are intended to extend a court reporter's license if grounds have been shown to warrant revocation under Section 19 of the Board's regulations.