Myron Kent GEORGE *v.* STATE of Arkansas

CR 01-871                                      89 S.W.3d 931

Supreme Court of Arkansas
Opinion delivered November 21, 2002

*Joseph D. Hughes*, for appellant.

*Mark Pryor*, Att'y Gen., for appellee.

P ER CURIAM. Myron Kent George, through his attorney, Joseph D. Hughes, renews his motion for a rule on clerk and seeks, in the alternative, a new trial. The record shows that George's trial was held January 22-23, 2001. On April 23, 2001, George moved for an extension of time to file the record. On June 1, 2001, that motion was granted and the time for filing the record was extended until August 9, 2001. George then filed a motion for rule on clerk on August 8, 2001. On September 13, 2001, we denied the motion and issued a *per curiam* order to the circuit court "to take whatever actions are necessary to secure the prompt certification of a full and complete record for appeal in this matter." *George v. State*, 346 Ark. 22, 22, 53 S.W.3d 526, 527 (2001) (*per curiam*). On October 2, 2001, George's counsel received the transcript. By order dated October 25, 2002, the trial court found (1) that there were no substantial defects in the transcript prepared by Nila Keels and lodged by George, and (2) that the transcript was sufficiently accurate for use and consideration by this court for purposes of this appeal.

Counsel for George now brings this renewed motion for rule on clerk and points out again that the court reporter, Nila Keels, was not a certified court reporter at the time of George's trial. He further states that due to the passage of time, he is unable to certify with any certainty that the transcript of the lower court proceedings is accurate. Moreover, he asserts that he is unwilling to do so. Nevertheless, he moves for a rule on clerk and requests that this court direct the Supreme Court Clerk to file the transcript. In the alternative, he requests a new trial.

The State responds that it is unclear from George's motion whether George's counsel actually reviewed the transcript prepared by Ms. Keels. In the absence of such an averment, the State urges this court to deny his motion and direct the Supreme Court

Clerk to accept the transcript for purposes of this appeal. In support of its argument, the State submits the affidavit of Curtis Hitt, Deputy Prosecuting Attorney for Green County, in which he states under oath that he prosecuted George and that he has reviewed the transcript and attached exhibits. Hitt avers that with the exception of insignificant clerical errors the trial transcript appears to be a fair and accurate record of the trial.

■ Our procedure for filing a record prepared by an uncertified court reporter was set out in *Mitchell v. State*, 345 Ark. 359, 45 S.W.3d 846 (2001)(*per curiam*). There, we specified that our Supreme Court Clerk would only be directed to accept a record prepared by an uncertified court reporter upon certification by the attorneys of record by means of affidavits that the transcript was true, accurate, and complete. In the case before us, we have a certification by the prosecuting attorney, together with a finding of sufficient accuracy by the trial court. Defense counsel has refused to certify the transcript due to the passage of time, but it is he who moves this court for a rule on clerk to require the clerk to file the transcript. Other than his general reference to the "passing of time," defense counsel provides this court with no identified defects in the transcript or other reason for his refusal to certify.

■ We hold that the trial court's order finding sufficient accuracy for appeal purposes and the prosecuting attorney's affidavit certifying the transcript to be a fair and accurate record of George's trial satisfy the *Mitchell* requirements. The motion, accordingly, is granted.

CORBIN and HANNAH, JJ., would deny.