Marvin L. THORNTON *v.* STATE of Arkansas

CR 03-374                                    114 S.W.3d 167

Supreme Court of Arkansas
Opinion delivered May 8, 2003

*Cymber L. Tadlock,* for appellant.

No response.

**P**ER CURIAM. Appellant, Marvin L. Thornton, filed a motion for writ of *certiorari* to complete the record, then withdrew the motion when the record was completed and tendered by former court reporter, Iris Brooks. The attorney for Mr. Thornton, Cymber L. Tadlock, requests that the court relieve her as attorney of record. The motion to withdraw the writ of *certiorari* and the motion to withdraw as attorney of record will be granted upon the performance of the conditions set out in this order.

On April 5, 2003, a hearing was held before the Arkansas Board of Certified Court Reporter Examiners concerning Ms. Brooks's untimely completion of the record in another case. *See Hamilton v. Jones,* 351 Ark 561, 95 S.W.3d 809 (2003). At that hearing, her license was revoked. On April 8, 2003, Ms. Tadlock filed a writ of *certiorari* to complete the record on behalf of her client. On April 24, 2003, Ms. Tadlock filed a motion to withdraw the writ of *certiorari,* explaining that Ms. Brooks had tendered her portion of the record to her. At that time, Ms. Tadlock also filed a motion to be relieved as counsel.

The first issue before this court is whether the record can be accepted by our clerk as a true, accurate, and complete record, notwithstanding that the court reporter who completed it was not licensed and, therefore, could not certify it as such. We have previously held that our clerk was correct in rejecting a transcript from an unlicensed court reporter. *See Pullan v. Fulbright,* 285

Ark. 152, 685 S.W.2d 151 (1985). However, in criminal cases, we may direct the supreme court clerk to accept the transcript, provided the attorneys of record will certify to the clerk, by affidavit, their statements that the transcript is true, accurate and complete. *Mitchell v. State*, 345 Ark. 359, 45 S.W.3d 846 (2001). Upon receipt of the affidavits certifying the accuracy of the transcript, we direct our clerk to accept the transcript and withdraw the writ of *certiorari*. Following the acceptance by our clerk of the transcript, we will grant Ms. Tadlock's motion to withdraw as attorney of record, and appoint Mr. Greg Knutson as attorney for this appeal.

CORBIN, J., not participating.