G. Lee CRANFILL, M.D. *v.* UNION PLANTERS BANK, N.A., and
Northeast Arkansas Management Company, LLC

03-1064                                                    123 S.W.3d 122

Supreme Court of Arkansas
Opinion delivered October 9, 2003

*Lyons, Emerson & Cone, P.L.C.,* by: *Scott Allen Emerson,* for appellant.

*Snellgrove, Langley, Lovett & Culpepper,* by: *Todd Williams,* for appellee Union Planters Bank, N.A.

PER CURIAM. Cranfill filed a motion for rule on the clerk seeking an order that the clerk accept a transcript and record for filing which have not been certified as required by our rules. Under Ark. R. Sup. Ct. 3-1(I) (2003), all transcripts shall be prepared by certified court reporters. Likewise, Cert. of Ct. Rptrs. § 9 (2003), provides that all transcripts taken in court proceedings will be accepted only if they are certified by a court reporter who holds a valid certificate.

Counsel for Appellees in their response states they have no objection to the Motion. Iris Brooks was the Court Reporter on December 4, 2002, when the proceedings at issue took place. On that day, Ms. Brooks was a certified court reporter, however, by the time the record was to be prepared and certified for filing, Ms. Brooks was no longer a certified court reporter. As we noted in our *per curiam* in *Hamilton v. Jones,* 352 Ark. 569, 102 S.W.3d 479 (2003), upon revocation of her court reporter's license, Ms. Brooks was directed to deliver all transcripts and records to Judge

Victor Hill. Cranfill states in his motion that Certified Court Reporter Kisselburg received the transcripts and records in this case, but Mr. Kisselburg was unable to certify that the transcript was a true and correct copy of all that occurred at court. Because Mr. Kisselburg was not present, he obviously could not certify that all which occurred that day had been properly reported.

■ The Clerk of this court was clearly correct in rejecting the transcript and record that were not properly certified. *Mitchell v. State*, 345 Ark. 359, 45 S.W.3d 846 (2001). We note that on the day the hearing took place, Ms. Brooks was a certified court reporter. Her license was not revoked until the following spring. Under the facts of this case, and in the interest of allowing the litigant his opportunity to appeal, we will accept the transcript, provided the attorneys of record certify to the Supreme Court Clerk, by affidavit, that the transcripts are true, accurate, and complete. *See Pullan v. Fulbright*, 285 Ark. 152, 685 S.W.2d 151 (1985). Under other facts, this remedy may not be available. *Pullan, supra.*

Motion granted.