Bryan MANGRUM *v.* Ronald PIGUE, Sr.; Ronald Pigue, Jr.; Pig, Inc.; Marshall Quinn *d/b/a* Marshall's Flying Service and Ron Moss

03-853                                                    125 S.W.3d 194

Supreme Court of Arkansas
Opinion delivered October 16, 2003

*Troy Henry*, for appellant.

No response.

Per Curiam. Mangrum filed a motion for rule on the clerk seeking an order that the `clerk accept a transcript and record for filing which have not been certified as required by our rules. Under Ark. R. Sup. Ct. 3-1(I) (2003), all transcripts shall be prepared by certified court reporters. Likewise, Cert. of Ct. Rptrs. § 9 (2003), provides that all transcripts taken in court proceedings will be accepted only if they are certified by a court reporter who holds a valid license.

Iris Brooks was the Court Reporter on October 31, 2002, and November 1, 2002, when the proceedings at issue took place. On those days, Ms. Brooks was a certified court reporter; however, by the time the record was to be prepared and certified for filing, Ms. Brooks was no longer a certified court reporter. As we noted in our *per curiam* in *Hamilton v. Jones*, 352 Ark. 569 (2003), upon revocation of her court reporter's license, Ms. Brooks was directed to deliver all transcripts and records to Judge Victor Hill. On July 29, 2003, Mangrum filed a Petition for Writ of Certiorari requesting that we direct Court Reporter William M. Kisselburg to complete and certify the transcript. On September 4, 2003, this court issued its Writ of Certiorari for a complete record directing the Greene County Circuit Clerk and the Court Reporter to complete the transcript of the proceedings and the record in this matter.

A transcript of the proceedings has been prepared and tendered to our Clerk together with certification of the record by the Greene County Circuit Clerk. Because the Court Reporter, William M. Kisselburg, was not present at the reported proceedings, he could not certify that the transcript was a true and correct transcript of the proceedings.

■ The Clerk of this court was clearly correct in rejecting the transcript and record that were not properly certified. *Mitchell v. State*, 345 Ark. 359, 45 S.W.3d 846 (2001). We note that on the day the hearing took place, Ms. Brooks was a certified court reporter. Her license was not revoked until the following spring. Under the facts of this case, and in the interest of allowing the litigant his opportunity to appeal, we will accept the transcript, provided the attorneys of record certify to the Supreme Court Clerk, by affidavit, that the transcripts are true, accurate, and complete. *See Pullan v. Fulbright*, 285 Ark. 152, 685 S.W.2d 151 (1985). Under other facts, this remedy may not be available. *Pullan, supra.*

Motion granted.