
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–806

| | | |
|---|---|---|
| | | **Opinion Delivered** September 10, 2014 |
| MATTHEW WILLIAMS | APPELLANT | APPEAL FROM THE PIKE COUNTY CIRCUIT COURT [NO. CR2008-56-1] |
| V. | | |
| | | HONORABLE TOM COOPER, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; REMANDED WITH INSTRUCTIONS TO CORRECT SENTENCING ORDER |

**ROBIN F. WYNNE, Judge**

Matthew Williams appeals from his conviction for forgery in the first degree. He argues on appeal that the trial court erred by denying his motion for a mistrial. Because his argument is not preserved for review, we affirm appellant's conviction. We also remand for the trial court to correct the sentencing order.

Appellant was charged with one count of forgery in the first degree. He represented himself at trial. During voir dire of the jury, he informed the panel that he was a convicted felon. The State produced testimony at trial that appellant had cashed forged checks at two convenience stores. Among the exhibits introduced by the State was a still photo taken from a security camera at one of the stores showing the person who had cashed the forged check at that location. Odie Strong testified that he recognized appellant as being the person in the

photo who cashed the forged check. When appellant asked Mr. Strong on cross-examination how Mr. Strong knew him, Mr. Strong replied, "From when you was–. Yeah. From when you wasn't around, incarcerated or whatever, until you was out." Appellant complained to the trial court that Mr. Strong had just told the jury that he was incarcerated and was told by the trial judge to be careful with his questions. No motion for mistrial was made at that time.

After the State rested, appellant made a motion for a mistrial based on the testimony by Mr. Strong. The motion was denied by the trial court. The jury found appellant guilty of forgery in the first degree, and the trial court sentenced him to 480 months in the Arkansas Department of Correction. This appeal followed.

The State argues in its responsive brief that appellant's argument is not preserved. We agree. A motion for mistrial must be raised at the first opportunity in order to be preserved for review on appeal. *Jackson v. State*, 375 Ark. 321, 290 S.W.3d 574 (2009). In this case, appellant did not move for a mistrial until after the State had rested. Appellant's statement to the trial court that Mr. Strong had made an improper reference cannot reasonably be construed as a request for a mistrial, especially in light of the fact that appellant moved for a mistrial after the State had rested.

In his reply brief, appellant argues that it was not necessary for him to make his motion at the earliest opportunity in order to preserve the issue for appeal because a motion for mistrial would have been futile, citing *Russell v. State*, 288 Ark. 255, 704 S.W.2d 161 (1986). This case is easily distinguishable from *Russell*. In *Russell*, the defendant argued that the trial court erred by failing to declare a mistrial when, at a bench trial, the trial court stated that it

2

took into account the failure of the defendant to testify in making its decision. On appeal, our supreme court held that appellant's argument was preserved for review although no motion for a mistrial had been made because any motion based on a comment by the trial court itself would have been futile. The situation presented here is not similar to that presented in *Russell*. In this case, appellant's motion was not based on a comment by the trial court, but on a comment by a witness during testimony. Thus, a timely motion would not have been futile, and appellant's argument is not preserved for review on appeal.

There is an error in the sentencing order that must be addressed. Appellant was convicted of forgery in the first degree, which is a Class B felony. Ark. Code Ann. § 5-37-201(d) (Repl. 2013). The maximum punishment for a Class B felony is twenty years' incarceration. Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2013). The jury was instructed that appellant is a habitual offender; however, the sentencing order does not reflect that appellant was sentenced as a habitual offender, rendering the sentence of 480 months reflected on the sentencing order illegal on its face. The trial court is hereby instructed to correct the sentencing order.

Affirmed; remanded with instructions to correct sentencing order.

HIXSON and BROWN, JJ., agree.

*Law Office of Jeffrey Weber, PLLC*, by: *Jeffrey Weber*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.