2010 Ark. App. 615

**Marilyn HEYDENRICH, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–1348.**

Court of Appeals of Arkansas.

Sept. 22, 2010.

Bobby R. Digby II, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Karen Virginia Wallace, Asst. Atty. Gen., for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Marilyn Heydenrich appeals her conviction by the Sebastian County Circuit Court on charges of delivery of methamphetamine, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia. Appellant challenges the sufficiency of the evidence supporting the conviction. She also argues that the circuit court erred in allowing certain evidence under Arkansas Rule of Evidence 404(b) (2010) and thereafter erred by refusing to grant a mistrial as a

result of the admission of that testimony. We affirm.

### I. *Sufficiency of the Evidence*

#### (A) *Standard of Review*

 When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *White v. State*, 98 Ark. App. 366, 255 S.W.3d 881 (2007). Only evidence supporting the verdict will be considered. *Id.* The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Graham v. State*, 365 Ark. 274, 229 S.W.3d 30 (2006). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* Credibility determinations are made by the trier of fact, which is free to believe the prosecution's version of events rather than the defendant's. *See Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001).

#### (B) *Discussion*

Appellant argues that the State failed to provide sufficient evidence to prove appellant guilty of delivery of methamphetamine and possession of methamphetamine with intent to deliver pursuant to Arkansas Code Annotated section 5–64–401 (Repl. 2005), which provides:

(a) Controlled Substance—Manufacturing, Delivering, or Possessing with Intent to Manufacture or Deliver. Except as authorized by subchapters 1–6 of this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.

. . . .

(d) Rebuttable Presumption of Intent to Deliver.

(1) Possession by any person of a quantity of any controlled substance including the mixture or substance listed in subdivision (d)(3) of this section in excess of the quantity limit set out in subdivision (d)(3) of this section creates a rebuttable presumption that the person possesses the controlled substance with intent to deliver.

(2) The presumption may be overcome by the submission of evidence sufficient to create a reasonable doubt that the person charged possessed the controlled substance with intent to deliver.

Ark.Code Ann. § 5–64–401(a)(1), (d). Specifically, possession of more than 200 milligrams of methamphetamine creates a rebuttable presumption of possession with the intent to deliver. Ark.Code Ann. § 5–64–401(d)(3)(A)(ix).

 Constructive possession of a controlled substance means knowledge of its presence and control over it. Neither actual physical possession at the time of the arrest nor physical presence when the offending substance is found is required. As a matter of fact, neither exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found is under the dominion and control of the accused. *Strong v. State*, 368 Ark. 23, 242 S.W.3d 620 (2006); *Harris v. State*, 2010 Ark. App. 123, 2010 WL 475351. Constructive possession occurs when the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control or to the joint dominion and control of the accused and another. *Strong, supra.* The elements of unlawful possession may be established by circumstantial evidence and any reasonable inference drawn from such

evidence. *Id.* There must be some other factor linking the accused to the drugs such as (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion or control over it; and (5) whether the accused acted suspicious before or during the arrest. *Harris, supra.*

Appellant asserts that there was no evidence presented to indicate that she delivered methamphetamine or possessed methamphetamine with the intent to deliver. Appellant urges that it is clear from the testimony given at trial that she did not have dominion and control over any methamphetamine; therefore, there could be no constructive possession.

It is a crime to use, or to possess with the intent to use, drug paraphernalia to manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. Ark. Code Ann. § 5–64–403(c)(1)(A)(i) (Supp. 2009). Though normally a misdemeanor, the crime is elevated to a Class C felony if the violation occurs in the course of and in furtherance of a felony violation of § 5–64–401. Ark.Code Ann. § 5–64–403(c)(1)(A)(ii) and (B). Arkansas Code Annotated section 5–64–403(c)(5)(A) provides that it is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to manufacture methamphetamine in violation of this chapter.

Appellant argues that the State failed to provide sufficient evidence to prove she possessed drug paraphernalia pursuant to section 5–64–403(c)(5)(A). She maintains that there was insufficient evidence to show that she had either physical or constructive possession of any of the items recovered from the vehicle.

We disagree. The evidence supporting the convictions is as follows. Josh Nabors testified that he witnessed appellant sell crystal methamphetamine to another woman at a casino in Oklahoma on or about July 26, 2008. Because Nabors had charges pending, was on parole, and did not want to go back to jail, he contacted Sergeant Wayne Barnett at the Fort Smith Police Department and offered to help catch appellant selling drugs. On July 28, 2008, two days after witnessing the casino drug sale, Nabors contacted appellant by phone to arrange to purchase methamphetamine. The phone calls were recorded and are part of the record.

Officers took Nabors to meet appellant and two other individuals for the drug purchase. It is undisputed that appellant was in the back seat of the car, Marcus Stephens was driving the car, and another woman, Jennifer Maven, was in the front passenger seat of the car. Appellant got out of the car and took the fifty dollars in buy money that Nabors offered. She returned to the car, at which time Stephens called Nabors over to the car and gave him the half-gram of crystal methamphetamine. Nabors identified appellant in court and testified that she was the only one of the three that he knew and was the one with whom he had made a deal to purchase the drugs.

Sergeant Barnett testified that he was contacted by Nabors, who offered to help them make a case against appellant. After verifying Nabors's reputation for truthfulness and cooperativeness with another detective, he had Nabors meet him near a restaurant, where he searched him, gave him fifty dollars in buy money, and equipped him with a recording device. Sergeant Barnett explained that he re-

corded the calls between Nabors and appellant, and the calls were played for the jury and introduced into evidence as State's Exhibits 1 and 2. Sergeant Barnett identified the voices on the tape as his own, Nabors's, and appellant's. In those conversations, appellant directed Nabors to the specified meeting place and told him she would get out, go to him for the money, take the money to her male companion, and bring "the stuff'" back to him.

At the meeting site, Sergeant Barnett witnessed appellant take the money from Nabors, and he identified appellant in court. He watched Nabors walk to the driver's side of the car and saw Stephens pull the drugs out of a sandwich bag, which appeared to contain more of the drug.

Sergeant Barnett explained that when the car left, Nabors brought the methamphetamine to him and told him there were more drugs in the car. Sergeant Barnett dropped Nabors off at a store and followed appellant's car.

Sergeant Barnett testified that he had a patrol car stop the car involved in the transaction, and several items of contraband were found, including a bag containing crystal methamphetamine, two bags containing marijuana, several benzyl piperazine tablets, a glass pipe with burnt residue used to smoke methamphetamine, a ziplock bag containing numerous plastic bags, a set of scales typical of those used to weigh drugs, a box of syringes, and two ziplock bags that each contained an off-white colored powdered substance.

Appellant's purse was also recovered, and it contained paperwork with the names of motels and rooms along with dollar figures and other information Sergeant Barnett said is normally seen with people that are moving or selling drugs and keeping track of how much they have sold. Additionally, two baggies, one containing 0.0793 grams of methamphetamine and another containing methamphetamine residue, were found in appellant's pocket when she was searched upon her arrival at the jail.

We hold that sufficient evidence supports the convictions. The testimony regarding a prior methamphetamine sale by appellant at the Oklahoma casino two days earlier, the phone recordings and appellant's collection of the drug purchase money from Nabors, as well as her presence in the car with Stephens, who ultimately gave Nabors the drugs being purchased, are substantial evidence of appellant's involvement as an accomplice to the sale of methamphetamine. All this evidence, along with the two baggies, one containing methamphetamine and the other containing methamphetamine residue, which were found in her pockets when she was taken to jail, provide substantial evidence of her possession of methamphetamine with intent to deliver. The discovery of the baggies containing drugs and drug residue on appellant's person constitutes substantial evidence to support the possession-of-drug-paraphernalia conviction.

Additionally, under the issue of constructive possession on the possession-with-intent-to-deliver charge, we likewise hold that there is substantial evidence to support the conviction. It is undisputed that appellant was a joint occupant of the vehicle. The evidence indicates that the contraband was in plain view, and some of it was found in appellant's purse and on her person. Though the exact location of all the items in the car was not pinpointed at trial, the State notes that appellant acted in a suspicious manner prior to her arrest, arranging a drug sale and participating in it by taking the money from the purchaser. Sergeant Barnett specifically

testified that all the drugs and drug paraphernalia were found inside the vehicle, the majority of which were found in the center or front seat and up in the front floorboard. He explained that none of the items seized came from the trunk, but rather from inside the car "where the driver and the back seat and the front seat passenger could all get to it." This evidence constitutes additional linking factors from which the jury could determine constructive possession on the part of appellant. *Harris, supra.* Accordingly, the convictions are affirmed.

## II. *Rule 404(b) Testimony*

### (A) *Standard of Review*

As a general matter, rulings on the admissibility of evidence are matters within a circuit court's discretion, and those rulings are not disturbed on appeal absent a showing of an abuse of that discretion and prejudice. *Grant v. State,* 357 Ark. 91, 161 S.W.3d 785 (2004). Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.*

The admission or rejection of evidence under Arkansas Rule of Evidence Rule 404(b) (2010) is committed to the sound discretion of the circuit court, and we will not reverse absent a showing of manifest abuse of that discretion. *See Lamb v. State,* 372 Ark. 277, 275 S.W.3d 144 (2008). Evidence offered under Rule 404(b) must be independently relevant to make the existence of any fact of consequence more or less probable than it would be without the evidence. *See id.* In other words, the prior bad act must be independently relevant to the main issue, in that it tends to prove some material point rather than merely proving that the defendant is a criminal. *See id.*

### (B) *Discussion*

#### (1) *Motion in Limine*

Arkansas Rule of Evidence 403 (2010) provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. However, Arkansas Rule of Evidence 404(b) states:

> Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Appellant argues that the circuit court erred when it allowed testimony to prove the character of appellant in order to show that she acted in conformity therewith. She reiterates that the testimony in question came from Nabors, who himself was in legal trouble and willing to implicate appellant to extricate himself from his precarious position. Nabors, over the objection of defense counsel, was allowed to testify that he saw appellant at a casino and saw her allegedly buy $20.00 worth of methamphetamine from another girl. The circuit court allowed the testimony but proceeded with giving the jury a cautionary instruction as follows:

> COURT: Ladies and Gentlemen, the testimony you just heard regards conduct of the Defendant for which she is not charged. That testimony is not to be considered as proof of her character, or to show that she acted in con-

formity with that character with respect to the allegations that led to the charges that she faces today. It is allowed only as proof of her motive or intent with respect to the current charges of which intent is an issue. Go ahead, Mr. Self.

Appellant contends that the State failed to present any evidence at trial to show that she *purchased*[1] methamphetamine from anyone. The testimony concerning the alleged buy at the casino had no relevant purpose with respect to the instant case. She claims that by allowing Nabors to testify about the alleged casino incident, she was unfairly prejudiced and the testimony was misleading to the jury. Appellant contends that the circuit court erred in denying her motion to exclude Nabors's testimony.

Although evidence of a person's bad acts generally is not admissible to show action in conformity therewith under Rule 404(b), such evidence may be admissible to show proof of motive, opportunity, intent, preparation, plan, or absence of mistake or accident. Those prior acts need not exhibit the same or strikingly similar methodology in order to be admissible to prove the accused's motive, plan, or intent. *Haire v. State*, 340 Ark. 11, 8 S.W.3d 468 (2000).

We hold that the evidence of the methamphetamine sale that appellant made in front of Nabors at a casino, two days prior to the commission of the crimes charged, was admissible under Rule 404(b) to show appellant's intent, plan, or motive to sell drugs. Appellant's intent, plan, or motive clearly was in question, as her defense was that it was Stephens who was selling drugs. As soon as the evidence was submitted, the circuit court properly instructed the jury to consider the evidence only for the purpose of intent. Thus the circuit court did not err by denying the motion in limine and allowing the evidence.

*(2) Motion for Mistrial*

A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when fundamental fairness of the trial has been manifestly affected. *Burks v. State*, 2009 Ark. 598, 359 S.W.3d 402. The circuit court has wide discretion in granting or denying a mistrial motion, and absent an abuse of discretion, the circuit court's decision will not be disturbed on appeal. *Id.*

Appellant asserts that the circuit court abused its discretion when it denied appellant's motion for mistrial based upon the admission of Nabors's testimony regarding the alleged drug transaction at the casino. Among the factors this court considers on appeal in determining whether or not a circuit court abused its discretion in refusing to declare a mistrial are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice. *Robinson v. State*, 2010 Ark. App. 419, 2010 WL 1905095. Appellant argues that the cautionary instruction to the jury could not have cured

---

1. The appellant's abstract mischaracterizes Nabors's testimony on this issue, making it seem that appellant *purchased* methamphetamine from another woman. While the transcript of his testimony seems ambiguous due to his use of "she" and "her" when speaking of two different females, it is clear from the record—specifically, appellant's motion in limine and brief in support and the related comments from the prosecutor regarding that motion in open court—that both the State and appellant's trial counsel understood that Nabors was testifying that appellant sold drugs to the other female at the casino, and that was why Nabors was aware that he could buy drugs from appellant.

any resulting prejudice because the jury had already heard it, and it would be impossible to "un-ring the bell."

Because the evidence was properly admitted, we hold that the circuit court properly denied appellant's motion for a mistrial made at the conclusion of all the evidence. Because neither an abuse of discretion nor prejudice exists here, appellant's convictions are affirmed.

Affirmed.

GLOVER and ABRAMSON, JJ., agree.