Cite as 2026 Ark. 57

# SUPREME COURT OF ARKANSAS
**No.** CR–24–786

|  |  |  |
|---|---|---|
| KENT PARRIS | APPELLANT | **Opinion Delivered:** January 29, 2026 |
|  |  | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT [NO. 01DCR-22-133] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE + | HONORABLE DONNA GALLOWAY, JUDGE |
|  |  | <u>AFFIRMED IN PART; REVERSED AND REMANDED IN PART</u>. |

**RHONDA K. WOOD, Associate Justice**

Kent Parris sold fentanyl, methamphetamine, and drug paraphernalia during a law enforcement sting operation within one thousand feet of a church. After the exchange, Parris drove off and law enforcement followed and attempted to pull him over. Initially, Parris evaded them but eventually pulled over. In addition to searching Parris and his car, officers walked the chase path looking for discarded evidence. They discovered a clear bag containing methamphetamine and later a backpack, notably with a handgun and pills inside. A jury convicted Parris of possession of fentanyl with purpose to deliver, possession of cocaine with purpose to deliver, possession of drug paraphernalia to manufacture, delivery of methamphetamine, delivery of fentanyl, simultaneous possession of drugs and firearms, and theft by receiving-firearm. In total, the jury sentenced him to life imprisonment plus another 185 years' imprisonment (the seven sentences to be served consecutively) along

with a concurrent ten years' enhanced sentence for certain drug crimes within one thousand feet of a church.

He appeals the sufficiency of evidence for the convictions and objects to the enhancement. We affirm all convictions, as well as the enhancement, with one exception. We find there was not substantial evidence to support the theft-by-receiving conviction. The circuit court abused its discretion in admitting the officer's hearsay testimony that the firearm was reported stolen. We reverse this conviction because there was insufficient evidence that the firearm was stolen property.

I. *Statement of the Facts*

Testimony and evidence at trial included the following facts. Jessica Scherm's boyfriend was in legal trouble. She offered to be a confidential informant and agreed to help officers catch Parris, her former dealer, selling drugs. This was in exchange for her boyfriend getting out of legal trouble. Even though it had been years since she had purchased drugs from Parris, Scherm convinced Parris that she wanted to buy drugs again because she needed money and Parris told her she could "flip it" for money. At first, Parris refused to meet Scherm in DeWitt for the sale but eventually agreed to meet her one night.

Scherm worked with detectives to set up the sting. Officers searched Scherm and her vehicle and confirmed she did not possess any drugs or drug paraphernalia. They took images and recorded the serial numbers of the cash they gave Scherm to buy the drugs. Scherm also had a recording device to record and transmit audio of the transaction with Parris. Officers followed Scherm to the transaction location—a church parking lot at the edge of town. Scherm parked her vehicle and waited for Parris. When Parris got close and Scherm shared

her location, Parris objected. He stated, "I'm not fixing to go to no church ground." Parris drove past the church and Scherm drove out behind him, following him for approximately 250 feet from the church where he stopped. There, Scherm gave Parris the marked bills and Parris gave Scherm five blue fentanyl pills and a dryer-sheet box. The dryer-sheet box contained an identical blue pill, a set of digital scales, and approximately two ounces of methamphetamine. After the drug deal was complete, Parris drove away.

Parris drove down West Haliburton Avenue with his driver's window open. Officer Wilson drove up behind him and signaled for him to pull over. Parris pulled over after a little more than a block, but once the officer exited his vehicle, Parris drove off. After about a four-block chase, Parris pulled over and surrendered to police.

When Wilson opened Parris's car door, he saw a small blue fentanyl pill in Parris's lap. Officers arrested Parris and conducted a search. Parris had $660 of marked bills. Police found four small clear bags of crack cocaine and another set of digital scales. Officers thought Parris may have used his short flight to try to get rid of evidence. Therefore, two officers walked back along the chase route. Approximately a block and a half from where Parris was arrested, officers found a clear baggie containing methamphetamine. Further down, approximately a block from where Wilson had first attempted to stop Parris, officers found a black bag containing a loaded handgun and a bottle of blue fentanyl pills.

At trial, in addition to testimony, the State introduced the audio of the drug deal, body camera footage, the drugs, the cardboard dryer box, the digital scales, the black bag, the guns, and the money. On the second day of trial, the State recalled Wilson to testify regarding the firearm found in the black bag. Over the defense's hearsay objections, Wilson

3

testified that he checked the Arkansas Crime Information Center (ACIC) database and saw that the weapon had been reported stolen. Finally, the chief forensic chemist from the Arkansas Crime Laboratory, Felicia Lackey, testified specifically about the drugs. Lackey testified that the little blue pills were counterfeit pharmaceuticals that contained fentanyl. She explained that she tested one of the little blue pills sold to Scherm and one of the little blue pills recovered in the black bag and confirmed they both contained fentanyl. She also testified that the two sets of pills were identical in shape and appearance. Lackey confirmed that the four plastic bags found in Parris's car contained cocaine and that the cardboard dryer box contained methamphetamine.

The defense moved for a directed verdict, and the circuit court denied the motion. The jury convicted and sentenced Parris to twenty years' imprisonment for possession of drug paraphernalia to manufacture[1], fifty years' imprisonment for delivery of methamphetamine[2], life imprisonment for delivery of fentanyl[3], thirty years' imprisonment for possession of fentanyl with purpose to deliver[4], twenty years' imprisonment for possession of cocaine with purpose to deliver[5], fifty years' imprisonment for simultaneous possession of drugs and firearms[6], and fifteen years' imprisonment for theft by receiving-

---

[1]Ark. Code Ann. § 5-64-443(b) (Supp. 2023).

[2]*Id.* § 5-64-422(b)(3) (Supp. 2023).

[3]*Id.* § 5-64-421(c)(1) (Supp. 2023).

[4]*Id.* § 5-64-421(b) (Supp. 2023).

[5]*Id.* § 5-64-420(b)(1) (Supp. 2023).

[6]Ark. Code Ann. § 5-74-106 (Supp. 2023).

4

firearm[7], all to run consecutively. There was also imposed a ten-year enhancement for the delivery of methamphetamine, delivery of fentanyl, possession of fentanyl with purpose to deliver, and possession of cocaine with purpose to deliver within one thousand feet of a church.[8] Parris filed a timely notice of appeal.

## II. *Analysis*

### A. Sufficiency of the Evidence

We typically consider challenges to the sufficiency of the evidence before other points on appeal. *Lewondowski v. State*, 2021 Ark. 132, at 2. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *McClendon v. State*, 2019 Ark. 88, at 3, 570 S.W.3d 450, 452–53. We review the evidence in the light most favorable to the verdict to determine whether there is substantial evidence supporting that verdict. *Matthews v. State*, 2025 Ark. 213, at 4-5; 725 S.W.3d 16, 19. We do not reweigh the evidence or substitute our judgment for that of the jury. *Id*. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Brown v. State*, 2025 Ark. 147, at 4, 720 S.W.3d 102, 104.

### 1. *Drug-related convictions*

Parris argues that the State did not present sufficient evidence that he intended to deliver the various drugs or possess them with purpose to deliver because Jessica Scherm asked him to come to DeWitt and sell the drugs to her as opposed to it being his idea. He

---

[7]Ark. Code Ann. § 5-36-106(e)(3)(B)(iii) (Supp. 2023).

[8]The enhancements were to be served concurrently.

5

argues that the law enforcement sting equated to entrapment. Parris also argues that the State did not present sufficient evidence that he possessed the drug paraphernalia with the purpose to manufacture drugs.

"Since intent ordinarily cannot be proven by direct evidence, jurors are allowed to draw upon their common knowledge and experience to infer it from the circumstances. Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his or her acts." *Noble v. State*, 2017 Ark. 142, at 3, 516 S.W.3d 727, 730 (cleaned up).

The State presented substantial evidence that Parris arrived in DeWitt in possession of methamphetamine, fentanyl, and cocaine[9] and delivered both methamphetamine and fentanyl to Scherm. In addition to Scherm's testimony, the State introduced the audio recording of the transaction, the physical evidence of the drugs delivered to Scherm, and the physical evidence seized from Parris's car. Parris drove to DeWitt to participate in this drug deal. The jury could reasonably infer that Parris had the intent and purpose to possess the drugs for delivery and to deliver the drugs to Scherm.

Similarly, the State presented substantial evidence that Parris possessed drug paraphernalia—the digital scales—with the purpose to manufacture either methamphetamine or cocaine. The statute prohibits use or possession of drug paraphernalia

---

[9]Even though Parris did not deliver cocaine to Scherm, Parris does not present a separate argument on this point but simply argues that there was no intent because selling the drugs to Scherm was her idea. We note that Officer Wilson testified that the crack cocaine found in Parris's car was packaged individually for sale, and that an additional set of digital scales was found in the back of Parris's car. From this evidence, and the evidence that Parris had just sold Scherm other drugs, the jury could reasonably infer without conjecture that Parris's possession of the crack cocaine was with the purpose to deliver.

6

"to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, or repack a controlled substance." Ark. Code Ann. § 5-64-443(b)(2) (Supp. 2021). At trial, Scherm testified that she told Parris she wanted to sell methamphetamine to make money. The State presented evidence that Parris gave the digital scale to Scherm along with the two 1-ounce bags of methamphetamine. Officer Wilson testified that methamphetamine is typically consumed in quarter-gram or smaller doses, and that two ounces was enough for more than two hundred doses. From this evidence, there was substantial evidence that the jury could have reasonably concluded that the purpose of the digital scale that Parris possessed and then provided to Scherm was to weigh the methamphetamine to repackage it into individual doses for resale. Parris focuses on the one term "manufacture," but the statute includes language covering broader activities.

Finally, to the extent that Parris challenges the enhancement for selling the drugs within one thousand feet of the church, the evidence established that Parris knew[10] the location of the church, and even though he refused to sell the drugs in the church parking lot, he was well within the one thousand feet when he voluntarily stopped and engaged in the transaction.

Because the State presented substantial evidence at trial for a jury to conclude without conjecture that Parris intended to possess the drugs for delivery, intended to deliver the

---

[10]In *Small v. State*, 2018 Ark. App. 80, 543 S.W.3d 516, the Court of Appeals held that proof of a culpable mental state is required for this enhancement. We have not decided this issue, and do not need to reach it here. Even assuming, *arguendo*, that a culpable mens rea is required, the State presented sufficient proof and Parris's challenge fails.

drugs, and possessed the drug paraphernalia to manufacture for sale, the circuit court correctly denied Parris's motion for a directed verdict on the drug-related counts.

## 2. *Simultaneous possession of firearms and drugs*

Parris challenges the sufficiency of the evidence tying him to the drugs and the gun found by officers in the black bag on West Haliburton Avenue.[11] Because the contraband was not found on Parris's person, we must identify the appropriate standard for evaluating the evidence that Parris was in possession of the contraband. We have long held that a conviction for possession does not require proof of actual or physical possession of an item on one's person. *See, e.g.*, *Osborne v. State*, 278 Ark. 45, 50, 643 S.W.2d 251, 253 (1982). Most of these cases involve constructive possession, in which the defendant knows the contraband is present and maintains control over it. *See, e.g.*, *Strong v. State*, 368 Ark. 23, 26, 242 S.W.3d 620, 623 (2006) ("[N]either exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found is under the dominion and control of the accused."). For example, a defendant might have constructive possession of contraband hidden in a car or home. Our jurisprudence in this area has arisen primarily from cases in which contraband was found in jointly occupied premises. *See, e.g.*, *Lambert v. State*, 2017 Ark. 31, at 4, 509 S.W.3d 637, 640–41; *Carter v. State*, 2010 Ark. 293, at 5–6, 367 S.W.3d 544, 548; *Polk v. State*, 348 Ark. 446, 452–54, 73 S.W.3d 609, 613–15 (2002).

---

[11]We do not address the issue of the methamphetamine found in the baggie in the ditch on the side of the road because that evidence was not necessary to substantiate Parris's drug-related convictions.

Yet Parris was convicted for simultaneous possession of drugs and a firearm even though they were found in a public area outside his control. We have considered this scenario. *See Hodge v. State*, 303 Ark. 375, 797 S.W.2d 432 (1990). We held that circumstantial evidence can establish that a defendant did have constructive possession. Suspects will sometimes flee and attempt to rid themselves of evidence of their crime. We explained that in circumstantial-evidence cases, where the evidence is entirely outside the control of the defendant, the State must provide "definite factors" linking the defendant to the contraband. *Id.* at 378, 797 S.W.2d at 434; *see also Garner v. State*, 355 Ark. 82, 89–90, 131 S.W.3d 734, 738–39 (2003). It is not a different test, but we were emphasizing there must be direct or circumstantial evidence that the defendant had actual or constructive possession of the contraband. Circumstantial evidence may provide a basis for a conviction, but for the jury to draw such an inference the evidence must be consistent with the defendant's guilt and inconsistent with every other reasonable conclusion. *Clevenger v. State*, 2025 Ark. 128, at 6, 719 S.W.3d 453, 459.

The State presented evidence that Parris sold drugs to Scherm minutes before Officer Wilson tried to pull him over. Parris had the marked bills and other drugs. Wilson was chasing Parris and saw that Parris had his driver's-side window open. Wilson admitted that he did not see Parris throw anything from the vehicle, but Wilson was one thousand feet behind Parris in the dark during the chase. And the State introduced photos and bodycam footage of the roadway search and the discovery of the bag with the handgun and fentanyl pills immediately after Parris was arrested. The bag in the yard was found on what would have been the driver's side of a quiet residential street, at night, with little traffic. Officer

9

Jamie Irons testified that the bag and its contents were not wet with rain or dew or anything that would indicate it had been lying out but was covered in dust as if it had been pitched. Finally, the fentanyl pills found in the handbag were identical to the pills Parris sold to Scherm and the pill found on Parris's lap during his arrest.

Parris argues that there must be more, such as fingerprints or DNA, definitively linking Parris to the handbag, gun, or pill bottle. But this is not the standard. And on appeal, we view the evidence in the light most favorable to the jury verdict. We find there was substantial circumstantial evidence that the jury could determine that the items were in Parris's possession and that he threw them from the car during his brief flight. A jury could find possession on the basis of circumstantial evidence without resorting to speculation and conjecture. The circuit court correctly denied Parris's directed- verdict motion on this count.

### 3. *Theft by receiving – firearm*

Parris argues that the State presented insufficient evidence to support his conviction of theft by receiving the firearm. We agree. One commits theft by receiving if one receives, retains, or disposes of stolen property either knowing that the property was stolen; or having a good reason to believe the property was stolen. Ark. Code Ann. § 5-36-106(a) (Supp. 2023). Parris was convicted of a Class D felony because the allegedly stolen item was a firearm worth less than $2,500.

The only evidence presented that the firearm was "stolen property" was Officer Wilson's testimony that he looked up the model and serial number of the handgun in the ACIC database and found it had been reported stolen. When the State announced it was

10

re-calling Wilson to state that he had looked up the serial number, Parris objected. "And that's hearsay, Your Honor." The State argued that because the ACIC's database regularly keeps records of reports of stolen weapons, what Wilson reviewed fell under a hearsay exception for business records. Parris again objected and said, "It's not [referring to the State's business-record argument]." The defense continued repeating it was hearsay and arguing the State had to provide more tangible evidence of stolen property. The circuit court allowed Wilson to testify that the firearm had been reported stolen according to his ACIC submission.

On appeal, Parris raises the hearsay objection again and argues that it directly impacts the sufficiency of the evidence on the theft-by-receiving conviction. Arkansas Rule of Evidence 801 defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801. Officer Wilson's testimony about the ACIC information was for the truth of the matter asserted, and as it was not his original statement, it is quintessential hearsay.

Yet the State contends, both at trial and on appeal, that it was a business record and fits that hearsay exception. A record of a regularly conducted business activity—"[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge"—when regularly kept and recorded as part of that business activity is an exception to the hearsay rule. Ark. R. Evid. 803. And perhaps it is, but the State did

11

not introduce a physical record from ACIC where this court can even consider if law enforcement could introduce it as business record.

The State argues that in our review of the sufficiency of the evidence we may consider, in the light most favorable to the verdict, evidence that may have been inadmissible. *See, e.g.*, *George v. State*, 356 Ark. 345, 351, 151 S.W.3d 770, 773 (2004). Even considering it in the light most favorable to the State, testimony that an officer read a report stating a particular weapon was reported stolen is insufficient proof that it was stolen property, especially where the officer was unable to answer basic questions about who owned the weapon and who it was allegedly stolen from. From this bare testimony, a reasonable jury would not be able to conclude that the weapon was stolen without resorting to speculation or conjecture. And although we do consider admissible and inadmissible evidence for our sufficiency review, we do not consider evidence that was not presented, like an actual business record.

Because the State did not introduce substantial evidence to support Parris's theft-by-receiving conviction, we reverse that conviction.[12] We remand to the circuit court to enter a new sentencing order. We note that there have been four amended sentencing orders, and

---

[12]We note that Wilson's testimony was offered to prove the truth of an out-of-court statement by another declarant—i.e., that the gun was stolen—and it was inadmissible hearsay under Rule 801. He was testifying as to something he read. Its admission was an abuse of discretion, and it would not be harmless error because it was certainly prejudicial since this was the State's only evidence that the firearm had been stolen. As we reverse on sufficiency, we do not address it further.

12

the last one still appears to be inaccurate.[13] For these reasons, we affirm in part and reverse and remand in part for entry of a new sentencing order.

Affirmed in part; reversed and remanded in part.

WOMACK and WEBB, JJ., concur.

HUDSON, J., concurs in part and dissents in part.

**SHAWN A. WOMACK, Justice, concurring.** I agree with the majority in affirming Parris's convictions for possession of fentanyl with purpose to deliver, possession of cocaine with purpose to deliver, possession of drug paraphernalia, delivery of methamphetamine, delivery of fentanyl, and simultaneous possession of drugs and a firearm. I also agree with majority's conclusion that Detective Wilson's testimony alone was not admissible under the business-records exception to hearsay. For the business-records exception to apply, the proponent of the evidence must actually introduce a record, whether it be "[a] memorandum, report, record, or data compilation, in any form[.]"[1] But I disagree with the

---

[13]The transcript and the jury form depict that all the sentences shall be served consecutively. Yet the fourth amended sentencing order does not reflect that on each count. Additionally, the sentencing order is missing the sentencing enhancement for count four (possession of fentanyl with intent to deliver) that is reflected on the jury verdict form. Finally, in the "Special Conditions" section of the sentencing order, the "Drug Crime" section should be checked "yes." Because of these inaccuracies that do not track the record, the sentencing order needs to be corrected beyond the reversal for the theft by receiving conviction.

[1]Ark. R. Evid. 803(6); *State v. Jackson*, 4 N.W.3d 298, 309–10 (Iowa 2024) (compiling cases supporting this conclusion).

majority that this means there was insufficient evidence to support Parris's conviction for theft by receiving.

When considering a sufficiency challenge, we review "the evidence before the trial court without first excluding evidence which may have been erroneously admitted."[2] Simply put, in this circumstance, it is irrelevant for our sufficiency analysis that Detective Wilson's testimony was inadmissible hearsay. Based on an ACIC inquiry, Detective Wilson determined that the firearm in Parris's possession at the time of his arrest had been reported as stolen. There is nothing in the record to suggest that the ACIC report was false or inaccurate, and, as the majority explained, Parris had constructive possession of the firearm. Admissibility of the testimony itself aside, this is sufficient evidence to support a conviction for theft by receiving.[3] As we have held before, "unexplained possession of property recently stolen constitutes legally sufficient evidence to warrant a conviction."[4] Moreover, if the majority truly believed that there was insufficient evidence to support Parris's conviction for theft by receiving, the appropriate action would be to reverse and dismiss the conviction, not reverse and remand.[5]

---

[2]*Findley v. State*, 300 Ark. 265, 273, 778 S.W.2d 624, 628 (1989).

[3]Ark. Code Ann. § 5-36-106(a).

[4]*Boyette v. State*, 254 Ark. 320, 324, 493 S.W.2d 428, 431 (1973).

[5]*Burks v. United States*, 437 U.S. 1, 16 (1978); *Hughes v. State*, 347 Ark. 696, 703, 66 S.W.3d 645, 648 (2002).

14

Finally, I would not address the alleged deficiencies in the sentencing order. Neither party addressed these issues in their briefs, and it is unclear that all the supposed errors are errors at all.

For these reasons, I concur.

WEBB, J., joins.

**COURTNEY RAE HUDSON, Justice, concurring in part and dissenting in part.** I concur with the majority that substantial evidence supports appellant Kent Parris's convictions for possession of fentanyl with purpose to deliver, possession of cocaine with purpose to deliver, possession of drug paraphernalia to manufacture, delivery of methamphetamine, delivery of fentanyl, and simultaneous possession of drugs and firearms. However, because I would also affirm Parris's conviction for theft by receiving of a firearm, I respectfully dissent in part.

Parris presents two arguments for reversal regarding his theft-by-receiving conviction: (1) he challenges the sufficiency of the evidence supporting the conviction, and (2) he claims that the circuit court abused its discretion by allowing the State to present hearsay testimony to show that the firearm was stolen. I address Parris's sufficiency argument first due to double-jeopardy concerns. *E.g.*, *Hudson v. State*, 2025 Ark. 129, 720 S.W.3d 91. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Bush v. State*, 2024 Ark. 77, 687 S.W.3d 570. On appeal, the sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Brooks v. State*, 2016 Ark. 305, 498 S.W.3d 292. Substantial evidence is that evidence which is of sufficient force and character to compel a conclusion one way or the other beyond

suspicion or conjecture. *Id*. In determining whether there is substantial evidence to support the verdict, this court reviews the evidence in the light most favorable to the State. *Bush*, *supra*. The credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Smith v. State*, 2024 Ark. 1, 680 S.W.3d 711.

Pursuant to Ark. Code Ann. § 5–36–106(a) (Repl. 2013), "[a] person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person: (1) [k]nowing that the property was stolen; or (2) [h]aving good reason to believe the property was stolen." The unexplained possession or control of recently stolen property gives rise to a presumption that a person knows or believes that property was stolen. Ark. Code Ann. § 5–36–106(c)(1).

Here, Detective Bradley Wilson testified that he ran the model and serial number of the handgun that was found in Parris's backpack through the ACIC database and discovered that it had been reported stolen out of Little Rock. As will be discussed further when addressing his second argument, Parris contends that this testimony was hearsay and should not have been admitted. Parris argues that because Wilson's testimony was the only evidence presented to establish that the gun was stolen, his conviction should be reversed and dismissed.

Parris is incorrect. In determining the sufficiency of the evidence on appeal, we consider all of the evidence introduced at trial, whether it is properly admitted or not. *Wallace v. State*, 2023 Ark. 7, 659 S.W.3d 267. I would hold that Parris's unexplained possession of the same firearm that Wilson testified had been reported stolen in the ACIC

16

database was sufficient to support his conviction for theft by receiving and that the circuit court did not err by denying Parris's motion for directed verdict on this offense. I therefore disagree with the majority's conclusion otherwise.

Parris next contends that the circuit court erred by allowing the State to present hearsay testimony to show that the firearm had been stolen. At trial, when the State announced that it wished to re-call Detective Wilson to testify about the stolen firearm, Parris objected on the basis of hearsay. The State argued that the report fell within the business-records exception. Parris responded that the ACIC report was not proof that anything had been stolen because it could have been a false report. Parris argued that the State had to call the person whom the gun was allegedly stolen from to testify that it was their property and that it had been stolen. He also argued that it was double hearsay in that someone had reported the gun as stolen to law enforcement, which then reported it to ACIC/NCIC. The circuit court overruled the objection, stating that Parris could cross-examine Wilson with regard to any "holes" in the proof. Later, before the State re-called Wilson, the circuit court clarified that it would allow Wilson to submit into evidence any reports that he had prepared and state his basis for the reports but would not allow the admission of reports that he did not prepare. The State responded that it would not introduce any reports regarding the stolen firearm, just Wilson's testimony. Parris noted his continued objection to this evidence.

During Wilson's testimony, he was asked about what he discovered when he radioed the serial number of the firearm into dispatch. Parris again objected on the basis of hearsay. The circuit court ruled that Wilson could testify to his knowledge and his actions. Wilson

17

then testified that dispatch had notified him that there was a "hit in ACIC" that the firearm had been stolen out of Little Rock. Parris objected, arguing that Wilson "cannot testify to something somebody just told him over the radio that somebody at A—NCIC said was reported that was also based on [a] report somebody else sent in." The State again asserted that it was a business record, but the circuit court sustained the objection, telling the State to ask Wilson for additional information. In response to the State's question about what actions he took after finding the gun, Wilson stated that he looked at the serial number, make, model, and caliber on the printout from the Crime Information Center and that it matched the firearm that he had recovered. When the State asked what the printout showed, Parris stated, "That's the objection, Your Honor." He argued that Wilson "cannot testify as to what a printout from some agency in Arkansas sent him for the proof-- truth of the matter asserted." The State responded, "[T]he same thing we argued earlier, is that this is Arkansas Crime Information Center. It's the database that holds every report for every stolen item. That he simply checked that database and the serial number and the caliber and everything else matched that this weapon was stolen." The circuit court ruled that it would allow the testimony.

On appeal, Parris argues that Wilson's hearsay testimony was not admissible under the business-records exception found in Ark. R. Evid. 803(6) because the State did not satisfy the conditions necessary for that exception. Rule 803(6) provides that the following is not excluded by the hearsay rule:

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity

18

to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

We have held that to be admissible under the business-records exception, the evidence must be (1) a record or other compilation; (2) of acts or events; (3) made at or near the time the act or event occurred; (4) by a person with knowledge, or from information transmitted by a person with knowledge; (5) kept in the course of a regularly conducted business; (6) which has a regular practice of recording such information; (7) all as shown by the testimony of the custodian or other qualified witness. *E.g.*, *Terry v. State*, 309 Ark. 64, 826 S.W.2d 817 (1992).

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent a manifest abuse of discretion. *Bishop v. State*, 2023 Ark. 150, 675 S.W.3d 869. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* Furthermore, we will not reverse unless the appellant demonstrates that he was prejudiced by the evidentiary ruling. *Id.*

Parris contends that Wilson's testimony did not satisfy Rule 803(6) because he had no direct knowledge that the gun was stolen other than from the ACIC; he had no authority, ownership, or responsibility over the ACIC system; and Parris was not provided with an opportunity to confront the person who reported the firearm stolen—either the person who reported it to ACIC or the ACIC custodian of records. The State asserts that Parris's argument is not preserved for our review. I agree. First, to the extent that Parris is

19

raising a Confrontation Clause argument, it was not raised below and is not preserved. Second, while Parris clearly preserved his hearsay argument, when the State claimed that the Rule 803(6) exception applied, Parris did not specifically challenge whether the State had laid a proper foundation for that exception. Had he done so, the State could have asked additional questions of Wilson to ensure that he was qualified to testify about the ACIC database and his routine reliance on the information contained therein. A defendant is bound by the scope and nature of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *E.g.*, *Sullivan v. State*, 2012 Ark. 74, 386 S.W.3d 507. Thus, I would decline to address the merits of Parris's argument. While the majority complains that the State did not introduce the physical ACIC record at issue, the circuit court ruled in response to Parris's hearsay objection that it would not allow the admission of any reports that Wilson did not prepare. Furthermore, Parris does not argue on appeal that the absence of the ACIC report rendered the testimony inadmissible under Rule 803(6). I would therefore affirm.

*Ingle Law Firm*, by: *Mathew R. Ingle*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.